J-S38043-14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JAMES REID, | |
| Appellant | No. 977 EDA 2013 |

Appeal from the Judgment of Sentence March 27, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0006081-2012

BEFORE:  FORD ELLIOTT, P.J.E., BOWES, and SHOGAN, JJ.

DISSENTING MEMORANDUM BY BOWES, J.:     **FILED NOVEMBER 25, 2014**

Our standard of review for a sufficiency claim requires this Court to view the evidence in a light most favorable to the Commonwealth, including drawing all reasonable inferences from the evidence in favor of the Commonwealth. ***Commonwealth v. Watley***, 81 A.3d 108, 113 (Pa.Super. 2013) (*en banc*).  We only reverse where "the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances." ***Id***.  This Court is not permitted "to re-weigh the evidence and substitute our judgment for that of the fact-finder." ***Id***.  Since the learned majority disregards these well-ensconced principles by focusing on what the Commonwealth did not present, I respectfully dissent.

Here, the evidence viewed in a light most favorable to the Commonwealth shows that Appellant spoke with Lorraine Harris inside a Chinese take-out store before both exited three minutes later. Appellant followed Harris out of the store and dropped a small object in front of her. She then retrieved the item, looked at it, and continued to walk away. Harris was stopped by police based on the suspicion that a drug transaction occurred. Police recovered seventy-one milligrams of crack cocaine from Harris in a small Ziploc packet. Appellant also was stopped and had ten dollars in his possession. The trial court found Appellant guilty of possession of crack cocaine.

Based on our standard of review, I cannot agree that this evidence is so weak and inconclusive that no probability of fact can be drawn from these circumstances. The reasonable and logical inferences based on this evidence is that Appellant possessed the crack cocaine and dropped it on the ground for Harris. The majority erroneously reweighs the evidence and opines that the Commonwealth failed to present additional evidence such as expert testimony, or testimony regarding the police officer's experience, or that the neighborhood in Philadelphia was a high crime area. This is immaterial in conducting a sufficiency review. We do not consider what was not presented; rather, we evaluate the evidence actually submitted.

The verdict here was not based on conjecture. It is both logical and reasonable to conclude, based on the Commonwealth's actual evidence, that

Appellant and Harris engaged in a drug transaction. The majority's reliance on **Commonwealth v. Walton**, 63 A.3d 253 (Pa.Super. 2013), is also misplaced since that case involved a suppression issue rather than a sufficiency review. To the extent the majority distinguishes this case from **Commonwealth v. Thompson**, 93 A.3d 478 (Pa.Super. 2014), I do not disagree that **Thompson** involved different and more evidence. Of course, the defendant therein was convicted of possession with intent to deliver. Nonetheless, by comparing the evidence in this case to the evidence in **Thompson**, the majority is improperly reweighing the actual evidence presented in this matter.

As the majority reweighs the evidence and views it in a light most favorable to Appellant, I respectfully dissent.